**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ALEXIUS M. HILL                                                                          PLAINTIFF
ADC # 163938

v.                                        3:25CV00069-DPM-JTK

LUTNER, et al.

                                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.      Introduction

Alexius M. Hill ("Plaintiff") is confined in the Grimes Unit of the Arkansas Division of Correction ("ADC").  He filed this action under 42 U.S.C. § 1983 against four medical providers. (Doc. No. 2).  Plaintiff also filed a Motion to Proceed In Forma Pauperis, which the Court granted. (Doc. Nos. 1, 3).  Plaintiff is proceeding without the help of an attorney.

Plaintiff's Complaint is the operative pleading in this action.   (Doc. No. 2).  Only his claims against Defendant Katherine Lutner in her personal capacity remain pending; Plaintiff's

remaining claims were dismissed upon screening pursuant to the Prison Litigation Reform Act. (Doc. Nos. 5, 14).

On January 20, 2026, Defendant Lutner filed a Motion for Summary Judgment on the merits of Plaintiff's claims, along with a Brief in Support and Statement of Facts. (Doc. Nos. 18-20). Plaintiff has responded. (Doc. Nos. 22-24).

After careful consideration, and for the reasons set out below, the Court recommends Defendant Lutner's Motion be granted.

## II.    Plaintiff's Complaint

Plaintiff's brief statement of claim reads:

> On 1-11-25 Nurse Lutner was called down to seg because I had passed out and she was down there calling me all types of stupid boys and dummys in front of Cpt. Cantrell and Sgt. Halvastick and did not do any medical protocol. I told her that I was hurt and she said she didn't care. She didn't check my B/P or sugar. She talked crazy to me and kept doing this. And she has done this a couple of times already.

(Doc. No. 2 at 4).

Plaintiff seeks damages, among other relief. (Id. at 5).

## III.    Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving

party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## III.    Discussion

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. CONST. AMEND. VIII.  This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration."  Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners."  Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"  Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted).  "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with

3

prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

\* \* \*

Defendant Lutner argues that Plaintiff cannot establish that he suffered from a serious medical need.  (Doc. No. 19 at 4).  She further argues that Plaintiff cannot show any detrimental effect of her alleged unlawful behavior.  (Id.).  Additionally, she argues Plaintiff cannot prove that she was deliberately indifferent.  (Id.).  Defendant Lutner offers the following facts in support of her Motion.

On January 11, 2025, Plaintiff was housed in Restrictive Housing at the Arkansas Department of Correction- Grimes Unit.  (Doc. No. 20 at ¶ 1).  At 9:06 am on January 11, 2025, Plaintiff was seen for a segregation visit by Russell Pfitzner, LPN. Nurse Pfitzner noted no issues and Plaintiff voiced no complaints.   (Doc. No. 20 at ¶ 2; Doc. No. 20-1).   During the day on January 11, 2025, Defendant Lutner was called by security to check on Plaintiff.  (Doc. No. 20 at ¶ 3; Doc. No. 20-2; Doc. No. 20-3).  Upon arrival, Plaintiff refused to tell Defendant Lutner what was wrong, and no evaluation could be completed.  (Doc. No. 20 at ¶ 3; Doc. No. 20-2; Doc. No. 20-3).  Defendant Lutner and Plaintiff exchanged words during this encounter, and Defendant Lutner acknowledged that her conduct was unprofessional.  (Doc. No. 20 at ¶ 3; Doc. No. 20-2; Doc. No. 20-3).  At 7:45 pm on January 11, 2025, Plaintiff was seen for a segregation visit by

4

Zenah Shaheed, LPN.   (Doc. No. 20 at ¶ 4; Doc. No. 20-4).   Nurse Shaheed noted no issues and Plaintiff voiced no complaints.  (Doc. No. 20 at ¶ 4; Doc. No. 20-4).

At 8:25 am on January 12, 2025, Plaintiff was seen for a segregation visit by Russell Pfitzner, LPN.  (Doc. No. 20 at ¶ 5; Doc. No. 20-5).   Nurse Pfitzner noted no issues and Plaintiff voiced no complaints.  (Doc. No. 20 at ¶ 5; Doc. No. 20-5).    At 8:00 am on January 13, 2025, Plaintiff was seen for a segregation visit by Tammy Canard, LPN.   (Doc. No. 20 at ¶ 6; Doc. No. 20-6).    Nurse Canard noted no issues and Plaintiff voiced no complaints.  (Doc. No. 20 at ¶ 6; Doc. No. 20-6).

At 4:18 pm on January 13, 2025, Plaintiff was seen by James Smith, M.D. regarding chronic complaint of numbness.  (Doc. No. 20 at ¶ 7; Doc. No. 20-7).    Dr. Smith discussed Plaintiff's symptoms with him and informed him that his symptoms are not indicative of a neurological issue.  (Doc. No. 20 at ¶ 7; Doc. No. 20-7).    Plaintiff became uncooperative and refused further evaluation.  (Doc. No. 20 at ¶ 7; Doc. No. 20-7).   At 7:20 pm on January 13, 2025, Plaintiff was seen for a segregation visit by Killey Davis, LPN.   (Doc. No. 20 at ¶ 8; Doc. No. 20-8).    Nurse Davis noted no issues and Plaintiff voiced no complaints.  (Doc. No. 20 at ¶ 8; Doc. No. 20-8).

Plaintiff did not contest the facts Defendant Lutner submitted.  Rather, Plaintiff argues that the only material facts Defendant Lutner provided were in connection with her own care of Plaintiff on January 11, 2025.  (Doc. No. 20 at ¶ 3; Doc. Nos. 22-24).  Plaintiff agrees that the encounter with Defendant Lutner happened.  (Doc. Nos. 22-24).  But he maintains that Defendant Lutner was deliberately indifferent to his serious medical needs when she came to his cell.  (Id.).

According to Plaintiff, he suffers from seizures and cannot remember what happened after a seizure.  (Doc. No. 22 at 1; Doc. No. 23 at 1).  Plaintiff also says that at the time of the incident,

5

he was on a total of eight prescription medications: Alvesco; lisinopril; absorbase; albuterol inhaler; citalopram; carbamazepine (for seizures); and Keppra (also for seizures).  (Doc. No. 23 at 2; Doc. No. 22 at 1).  According to Plaintiff, Defendant Lutner's failure to check Plaintiff's blood pressure and blood sugar constituted deliberate indifference considering his documented seizure disorder.  (Doc. Nos. 22-24).  Plaintiff also maintains Defendant Lutner's behavior was unprofessional and a violation of prison policy.  (Doc. No. 22 at 1).

The Court notes that Plaintiff does not allege in his Complaint that he had suffered a seizure—Plaintiff said only that he passed out.  (Doc. No. 2 at 4).  In the grievance Plaintiff filed after the incident, Plaintiff says only that he "had passed out" and "was hurt."  (Doc. No. 20-2).  In his Response to Defendant Lutner's Motion, Plaintiff said he told Defendant Lutner that he did not know what happened but that he did not feel good.  (Doc. No. 22 at 3) (See also Doc. No. 23 at 1).  While Plaintiff may have had a seizure, the record does not indicate that he communicated that to Defendant Lutner at the time of the incident.  Plaintiff maintains Defendant Lutner should have provided him more attention because he suffered from seizures and was taking seizure medication.  (Doc. Nos. 22, 23).  Plaintiff says after he had seizures in the past, he was kept on watch for four hours.  (Doc. No. 23 at 1).  Again, nothing in the record reflects that he communicated to Defendant Lutner that he had suffered a seizure.

More fundamentally, Plaintiff has not shown that he suffered an injury in fact, that is, "an invasion of a legally protected interest which is (a) concrete and particularized . . .  and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]'"  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).  Plaintiff did not describe any concrete ill effect of Defendant Lutner's alleged inaction.  Based on the record, Plaintiff did not seek medical care after Defendant Lutner failed to check his blood pressure or blood sugar.  Plaintiff told at least three people about the incident after it

happened.  (Doc. No. 24).  Plaintiff says that on January 11, 2025, during 7:45 p.m. pill call, he told Nurse Zenah about Defendant Lutner's behavior and was advised to file a grievance.  (Doc. No. 24; Doc. No. 20-4 at 1).   The following morning, Plaintiff also told Nurse Pfitzner about the incident; Nurse Pfitzner instructed Plaintiff to "write it up."  (Doc. No. 24; Doc. No. 20-5 at 1-2). And at pill call on January 13, 2025, Tammy Canard likewise told Plaintiff to "write it up."  (Doc. No. 24; Doc. No. 20-5 at 1).

Plaintiff says the grievance he filed was found to have merit.  (Doc. No. 24).   The Court notes that the grievance response reads, in relevant part: "Nurse Lutner admitted being unprofessional and rude . . . Nurse Lutner stated she was called by security to check on you and upon arrival she asked what was wrong but you did not tell her so no evaluation was done."  (Doc. No. 20-2 at 1).  According to the grievance response, Plaintiff's complaint regarding Defendant Lutner's behavior was found to have merit and appropriate action was taken by management.  (Id.). But unprofessionalism and violation of an ADC policy,[1] without more, is insufficient to establish liability under § 1983.  Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).  Additionally, "[m]ere negligence is not sufficient to support a cause of action under § 1983."  Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

The record clearly reflects that Plaintiff was concerned with Defendant Lutner's *behavior*. But it is less clear that Plaintiff was concerned with the state of his *health* as a result of the incident. Based on the record before me, Plaintiff did not seek immediate medical assistance related to his blood pressure or blood sugar after the incident.  And Plaintiff has not provided proof as to why Defendant Lutner's failure to take his blood pressure or blood sugar constituted deliberate

---

[1] Plaintiff alleged Defendant Lutner violated employee conduct standards.  (Doc. No. 22 at 1).

indifference. The medical records do reflect that Plaintiff complained of left-side numbness two days after the incident with Defendant Lutner. (Doc. No. 20-7 at 1). Plaintiff became disruptive during the sick call and the provider asked Plaintiff to leave. (Id.). But nothing in the record establishes a causal connection between Plaintiff's January 13, 2025, sick call and Defendant Lutner's alleged inaction.

The Court notes that in his Response to Defendant Lutner's Motion, Plaintiff asks the Court to order Defendant Lutner to "turn over [his] full medical file" and "logs" and "subpoena . . . witness statements." (Doc. No. 22 at 1, 2). The discovery deadline in this case expired on December 1, 2025. (Doc. No. 13). Plaintiff did not file a motion to compel in this case; it is not clear if Plaintiff ever sought discovery from Defendant Lutner. In short, Plaintiff has not made the showing necessary for seeking facts now. Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018).

For all reasons set out above, Plaintiff's claim fails because he did not demonstrate injury in fact. Further, no reasonable jury could find that Defendant Lutner acted with deliberate indifference—"a mental state akin to criminal recklessness." Troupe v. Young, 143 F.4th 955, 969 (8th Cir. 2025). Consequently, Defendant Lutner's Motion should be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendant Lutner's Motion for Summary Judgment (Doc. No. 18) be GRANTED;

2.    Plaintiff's claims against Defendant Lutner be DISMISSED with prejudice;[2]

3.    The case be CLOSED.

---

[2] Plaintiff's claims against Defendants Lynda Teague, Ashley Jackson, and Simmons have been dismissed without prejudice. (Doc. No. 14).

Dated this 13th day of February, 2026.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE